IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NONA RICE**,

**Plaintiff,**

**v.**

**DON PECK'S TRANSPORTATION, LLC
and FLEMING FURNITURE,**

**Defendants.**                                                    **No. 08-0051-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Plaintiff Rice's motion for good faith finding (Doc. 37). Specifically, Rice moves the Court to Court to make a good faith finding as to her settlement with Fleming Furniture. Based on the record and the applicable law, the Court **GRANTS** the motion.

On January 31, 2008, Nona Rice filed a two count complaint alleging negligence against Don Peck's Transportation, LLC and Fleming Furniture (Doc. 4). The complaint alleges the following. On November 25, 2006, Rice purchased bedroom furniture including a queen panel footboard, queen panel headboard and

a king panel bed rail from Fleming Furniture in Paducah, Kentucky. On February 17, 2007, Don Peck's Transportation, LLC delivered and assembled the furniture at Rice's home in Saline County, Illinois. On February 18, 2007, while attempting to sleep in the bed bought from Fleming Furniture and assembled by Don Peck's Transportation, LLC, Rice fell threw the bed and was seriously injured.[1]

## II. Analysis

The Joint Tortfeasor Contribution Act creates a statutory right of contribution in actions "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death," 740 ILCS 100/2(b). No contribution may be obtained by or from a tortfeasor with whom the injured party has settled in good faith. **740 ILCS 100/2(d)**. The good faith settlement is the only limitation placed on the right to settle. ***Dubina v. Mesirow Really Dev., Inc.*, 756 N.E.2d 836, 840 (Ill. 2001); *In re Guardianship of Babb*, 642 N.E.2d 1195, 1199 (Ill. 1994)**.

To evaluate whether a settlement was made in good faith, a court may consider: (1) "whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share;" (2) "whether there was a close personal relationship between the settling parties;" (3) "whether the plaintiff sued the settlor;" and (4) "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement." ***Wreglesworth v. Arctco, Inc.*, 740 N.E.2d 444, 449 (Ill. App. 2000) (quotations and citations omitted)**.

---

[1] The Court notes that the settlement agreement and release reveal that the accident occurred on January 17, 2007 and not February 17, 2007 as stated in the complaint (Doc. 37-8).

"No single factor is seen as determinative." *Id.* Illinois courts consistently hold that it is unnecessary for a trial court to conduct separate evidentiary hearings, decide the merits of the tort case, or rule on the relative liabilities of the parties before making a good faith determination. *See Johnson v. United Airlines*, 784 N.E.2d 812, 818 (Ill. 2003); *Smith v. Texaco*, 597 N.E.2d 750, 755 (Ill. App. 1992); *Ruffino v. Hinze*, 537 N.E.2d 871, 874 (Ill. App. 1989); *Barreto v. City of Waukegan*, 478 N.E.2d 977, 984 (Ill. App. 1995).

Here, Rice and Fleming reached a settlement of $57,500. In exchange for consideration provided by Fleming Furniture, Rice has agreed to sign a full and unconditional release. Both parties assert that the settlement is reasonable and was reached at arms length. The Court agrees. After considering the factors set forth above, the Court finds that settlement was made in good faith within the meaning of the Joint Tortfeasor Contribution Act. First, Fleming Furniture paid $57,500 to settle, which is within a reasonable range of the settlor's fair share. Second, there is nothing in the record to indicate that Rice and Fleming Furniture have a close personal relationship. Third, Rice sued Fleming Furniture along with Don Peck's Transportation, LLC. Lastly, there does not appear to be a calculated effort to conceal information about the circumstances of the settlement agreement.

### III. Conclusion

Accordingly, the Court **GRANTS** the motion for good faith finding (Doc. 37). Pursuant to the settlement agreement, the Court **DISMISSES with prejudice** Fleming Furniture as a Defendant in this case. Further, the Court **ALLOWS** Rice

leave to refile her complaint against Don Peck's Transportation.

**IT IS SO ORDERED**.

Signed this 14th day of May, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**