IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NONA RICE**,

**Plaintiff,**

**v.**

**DON PECK'S TRANSPORTATION, LLC,**

**Defendant.**                                                                 No. 08-0051-DRH

### MEMORANDUM and ORDER

HERNDON, Chief Judge:

This matter comes before the Court for case management. A review of Plaintiff's amended complaint reveals that Plaintiff's allegations regarding citizenship for the parties is inadequate. She has merely alleged residency for herself and that Don Peck's Transportation, LLC is a corporation of Kentucky (Doc. 39).[1] Residency is not sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. "[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of [diversity] jurisdiction." ***Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905)**. "[R]esidence and citizenship are not synonyms and it is the

---

[1] The Court notes that Plaintiff's original complaint contained the correct allegations regarding diversity jurisdiction (Doc. 4).

latter that matters for purposes of the diversity jurisdiction." ***Meyerson v. Harrah's E. Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002).  *See also Tylka v. Gerber Prods. Co.,* 211 F.3d 445, 448 (7th Cir. 2000)** ("[A]llegations of residence are insufficient to establish diversity jurisdiction."); ***Held v. Held,* 137 F.3d 998, 1000 (7th Cir. 1998) (same)**.

Thus, the Court **DISMISSES** without prejudice Plaintiff's Second Amended Complaint to correct the jurisdictional deficiencies.  The Court **ALLOWS** Plaintiff up to and including November 12, 2009 to file an amended complaint.  Further, the Court **REMINDS** Plaintiff that she has an obligation to serve the amended complaint upon Defendant pursuant to the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Signed this 5th day of November, 2009.

/s/     David R Herndon
**Chief Judge
United States District Court**